IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WRICKEY L. MOSLEY,

        Plaintiff,

   v.

SHARON BLACKETTER, et al.,

        Defendants.

Civil No. 07-6051-AS

ORDER TO DISMISS

JONES, Judge.

    Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff alleges claims arising from his incarceration at the Eastern Oregon Correctional Institution ("EOCI"). Plaintiff alleges Defendants violated his constitutional rights by obstructing his access to the prison grievance system, by imposing disciplinary sanctions without due process of law, and by failing to provide medical care. By way of relief, Plaintiff seeks, *inter alia*, an order requiring Defendants to restore good time credits revoked in the disciplinary proceeding and money damages.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B) the action . . .

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

2 - ORDER TO DISMISS -

allegations.'"  Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party.  Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

**I.   Procedural Defect**

In the caption of his Complaint, Plaintiff identifies the Defendants simply as "S. Blacketter, at EOCI, et al."  Pursuant to Fed. R. Civ. P. 10(a), "[i]n the complaint the title of the action shall include the names of <u>all</u> the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."  (Emphasis added).  Accordingly, Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 10(a).

**II.  Substantive Defects**

   **A.   Denial of Access**

Plaintiff alleges prison officials in the Disciplinary Segregation Unit ("DSU") at EOCI purposefully interfered with his attempts to deliver inmate communications, known as "kytes," to other officials.  Plaintiff was attempting to use the kytes to obtain access to legal materials after he was charged with a disciplinary violation and placed in the DSU.

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas corpus petitions, and civil rights actions.  <u>Id</u>. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance

4 - ORDER TO DISMISS -

of a litigating opportunity yet to be gained (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351.

Plaintiff does not allege facts sufficient to establish an actual injury resulted from the hindrance of his attempts to send kytes. Accordingly, his denial of access claim must be dismissed.

### B.   Disciplinary Proceeding

Plaintiff alleges good time credits were revoked as a result of the disciplinary proceeding against him, and by way of relief he seeks restoration of those credits as well as money damages. To the extent Plaintiff seeks restoration of his good-time credits, such relief is not available in a civil rights action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting Preiser v. Rodriquez, 411 U.S. 475, 484 (1973)).

Moreover, where "success in a . . . § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination

of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004) (citing Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648, (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing.

    C.    **Denial of Medical Care**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the wanton and unnecessary infliction of pain. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan,

511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin, 974 F.2d at 1059.

Plaintiff does not allege facts establishing a claim that Defendants were deliberately indifferent to a serious medical need. At most, he appears to speculate that he might someday develop medical symptoms as a result of the interference with his attempts to send kytes to prison officials. Accordingly, Plaintiff's Eighth Amendment claims must be dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended

complaint shall result in the dismissal of this proceeding, with prejudice.  In lieu of an amended complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.[1]

IT IS SO ORDERED.

DATED this <u>13th</u> day of April, 2007.

<u>/s/ Robert E. Jones</u><br>
Robert E. Jones<br>
United States District Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm.  28 U.S.C. § 1915(g).

8 - ORDER TO DISMISS -